IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:07-CR-84 |
| | ) | |
| BRADLEY OVERTON | ) | |

**MEMORANDUM OPINION**

   This criminal case came before the court for sentencing on August 15, 2008. For the reasons stated in open court, on the record, and as discussed below, the court finds that a substantial departure and variance from the sentencing guidelines is appropriate in this case.

   The advisory guidelines recommend that the court find the defendant, Bradley Overton, to be a career offender. Absent career offender status, the defendant's base offense level is 15 with a criminal history category of III, resulting in a guideline range of 24 to 30 months. In contrast, as a career offender, the defendant's base offense level is 31, criminal history category VI, resulting in a guideline range of 188 to 235 months.

   The defendant's career offender status is based on two prior convictions – each of which only resulted in one criminal history point. First, when the defendant was 17 years old, he was involved in a single vehicle

accident which resulted in the death of his friend. He tested positive for marijuana, he pled guilty to vehicular homicide (a crime of violence), and he was sentenced to 7 years probation for this offense. Second, he was convicted in 2005 for possession of Xanax and marijuana (a controlled substance offense), and again, he received 7 years probation. He has one other conviction for DUI, for which he received 12 months probation.

Under § 4A1.3(b) of the sentencing guidelines, "if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." Subpart (3) recommends that the court limit its departure to one criminal history point when the defendant is subject to career offender status.

The court finds that such a downward departure under § 4A1.3(b) is warranted in this case. The defendant has a minimal criminal history. Prior to his arrest a year ago for this offense, it does not appear that he has spent any time in jail or prison for any of his prior offenses. Further, he was very young when he was convicted of the crime of violence which triggers the career offender status. And, the court notes that the drug offense was for possession, not distribution or manufacture. Thus, the court finds that the defendant's criminal history category substantially overstates the seriousness of his criminal history, and therefore, the court will depart pursuant to § 4A1.3(b)(3). With a one-level decrease in the

2

defendant's criminal history as recommended by the guidelines, his guideline range becomes 168 to 210 months.

However, the court is also going to grant the defendant's motion for a variance for the following reasons. First, the defendant's participation in the conspiracy was very minimal. When agents first encountered him, he immediately confessed his involvement with Mr. Henson. He said he had supplied Mr. Henson with 2 or 3 boxes of pseudoephedrine on 2 or 3 occasions, for which he was paid or received methamphetamine to support his own addiction. While the court recognizes that the ingredient supplied by the defendant is necessary to manufacture methamphetamine, there is no evidence that the defendant manufactured or distributed methamphetamine himself. Rather, his participation in the conspiracy, like other co-defendants in this case, was merely a way to obtain methamphetamine for himself.

Second, the defendant quickly admitted his participation and told agents about his activities. There was no attempt to hide or delay. The defendant's information was necessarily limited by his limited participation, and a motion for a downward departure has not been filed by the government. The court finds that this anomaly occurs often in large conspiracies where the major players get credit, sometimes as much as 50% off their sentences, because they <u>are</u> major players and know all the details, while the minor players are given no credit because they know little if anything about the scope of the conspiracy.

3

Third, the defendant has made efforts at rehabilitation in the year since he was arrested. He has participated in alcohol and drug counseling while incarcerated and seeks a recommendation for the Bureau of Prison's 500-hour drug treatment program. This attitude reflects an awareness of his addiction and his need for treatment. A variance will allow the defendant to get the treatment he needs without being greater than necessary to accomplish this objective.

Fourth, the defendant's career offender status greatly overstates the seriousness of the defendant's prior criminal history. He has never spent any time in jail or prison – in all likelihood because the convictions did not warrant it. His vehicular homicide conviction occurred when he was a very young man and his drug conviction was for mere possession. Although the court has minimally departed as provided by the guidelines for this reason, the court finds that it is also a reason to vary from the guideline range.

Fifth, the court finds that a sentence even at the adjusted guideline range for a career offender is "greater than necessary" to deter any future conduct of the defendant or of others. It is also greater than necessary to protect the public from future crimes. If the defendant gets the drug treatment he seeks, his criminal conduct will likely end. All three of his criminal history points arise from his abuse of drugs or alcohol. Further, the court notes that the defendant has a trade as a mechanic and he has strong family and community support.

4

Finally, the court finds that a variance is necessary to avoid unwarranted sentencing disparity. The court has sentenced over 30 of the co-defendants in this case. A review of these sentences shows that other co-defendants with similar participation in the conspiracy and similar criminal histories, not counting the career offender status, received substantially lower sentences – less than 50 months in most cases.

The court cannot ignore the defendant's career offender status, of course, but for the reasons discussed above the court grants the defendant's motion for a variance and finds that a sentence of 84 months is sufficient, but not greater than necessary, to comply with the purposes of sentencing. This variance is based on the adjusted guideline range of 168-210 months.

IT IS SO **ORDERED**.

ENTER:

    *s/ Leon Jordan*
United States District Judge

5